Willis v. Cty. Of Onondaga

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          PETER W. HALL,
          CHRISTOPHER F. DRONEY,
              **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
ODELL WILLIS,
          **Plaintiff-Appellant**,

          -v.-                                          17-47

COUNTY OF ONONDAGA,
          **Defendant-Appellee**,

- - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFF-APPELLANT:**    K. FELICIA PITTS-DAVIS, Law Offices of K. Felicia Davis; Syracuse, NY.

**FOR DEFENDANT-APPELLEE:**    CAROL L. RHINEHART, of Counsel, <u>for</u> Robert A. Durr, Onondaga County Attorney; Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Odell Willis appeals from the judgment of the United States District Court for the Northern District of New York (Suddaby, <u>J.</u>) dismissing, on summary judgment, his Complaint against the County of Onondaga (the "County"). Willis alleges that he suffered racial and sex discrimination while employed as a deputy sheriff at the Onondaga County sheriff's office, and that the County failed to stop it. The alleged misconduct included unwanted sexual touching and graphic sexual comments by "Sergeant B" and fellow deputies, racially hostile comments and actions by fellow deputies, and retaliation for filing a complaint of racial and sex discrimination. Willis asserts six causes of action, including violations of Title VII, 42 U.S.C. § 1981, and the New York State Human Rights Law. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review <u>de novo</u> a grant of summary judgment, <u>VKK Corp. Nat'l v. Football League</u>, 244 F.3d 114, 118 (2d Cir. 2001), "view[ing] the evidence in the light most favorable to the party opposing summary judgment, . . . draw[ing] all reasonable inferences in favor of that party, and . . . eschew[ing] credibility assessments." <u>Amnesty Am. v. Town of W. Hartford</u>, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks omitted). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

To prevail on a hostile work environment claim under Title VII, a plaintiff must show that "the discriminatory harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and that a specific basis exists for imputing the objectionable conduct to the employer." Tolbert v. Smith, 790 F.3d 427, 439 (2d Cir. 2015) (internal quotation marks omitted). If the alleged harasser supervises the plaintiff, the objectionable conduct is imputed to the employer. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998). The employer may assert an affirmative defense by establishing (1) "that the employer exercised reasonable care to prevent and correct promptly any . . . harassing behavior" and (2) "that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Id. If the alleged harasser is a coworker, the plaintiff must show that the employer "either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it." Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 72 (2d Cir. 2000).

As an initial matter, Willis contends that the district court failed to consider certain instances of misconduct. Willis assumes that the court deemed them time-barred because they pre-dated August 7, 2013, the statutory cut-off date 300 days prior to the filing of the EEOC complaint, and Willis argues that the continuing violation doctrine revives these claims. However, the district court in fact concluded that Willis was relitigating them, because he could have (but did not) raise the claims in a prior action involving the same parties, which resulted in an adjudication on the merits. See Special App'x 31; TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 499 (2d Cir. 2014). Willis does not address why claim preclusion does not therefore bar consideration of these instances of misconduct.

The record shows that the County took reasonable care to prevent discriminatory behavior and provided a reasonable avenue for complaints. The sheriff's office had policies forbidding racial and sexual harassment; all deputy sheriffs received yearly diversity training that explains the office's policies; and both Willis and his alleged harassers received training on the issue of harassment. Willis argues that he did not report certain instances of misconduct

3

because he feared reprisal by Lieutenant Raus; but he also testified that Lieutenant Greco had "an open door" and that Willis felt comfortable talking to him. App'x 198. Furthermore, Willis' fear of reprisal did not stop him from complaining about incidents of misconduct to individuals both inside and outside of the sheriff's office during the same time period. App'x 198-202.

The record also shows that the sheriff's office investigated Willis' complaints of misconduct when he chose to report them. For instance, when Willis complained that someone had torn down his poster of Martin Luther King from his locker, Sergeant Marshall replaced the poster and addressed the matter at roll call. When Sergeant Marshall heard a racial slur broadcast over a deputy's cellphone, he immediately addressed the matter and issued a disciplinary supervisor's memorandum. When Willis complained about seeing a photograph of a deputy handcuffed inside a shopping cart, the matter was investigated and supervisor's memoranda were issued. When Willis complained that "Deputy A" had punched him in the leg to give him a "Charlie horse," the sheriff's office investigated and issued a supervisor's memorandum.

As to Sergeant B, the complaints were investigated by Sergeant Marshall and Lieutenant Raus. Willis argues that the sheriff's office did not follow its own policy to have the Professional Standards Unit ("PSU") conduct the investigation; but Willis testified that he was interviewed by the PSU regarding his complaints about Sergeant B. And there is no record evidence to support Willis' assertion that these investigations were biased.

Despite having knowledge of the complaint procedure in the sheriff's office, Willis did not complain about witnessing Deputy A giving the so-called "Polish handshake" to other deputies and feeling re-victimized as a result, and there is no evidence in the record that other supervisors were aware of these incidents. Accordingly, the County cannot be held liable under Title VII for this conduct because it did not have knowledge that it occurred.

As to Willis' argument that the sheriff's office did not exercise reasonable care to prevent harassment because he was continuously partnered with Deputy A, Willis testified that he was paired with a different deputy and that prior to his partnership with Deputy A the individuals he worked with varied.

4

Finally, Willis argues that the district court should not have dismissed his retaliation claim. Willis' Complaint asserts six causes of action, none of which was a claim for retaliation: he mentioned the word "retaliate" only twice, App'x 608-09 (Compl. ¶ 21), but omitted "retaliation" from the Causes of Action section of the Complaint, leading the County and the district court to conclude reasonably that Willis had chosen not to assert the claim.

We have considered Willis' remaining arguments and conclude that they are without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK